■ In the Matter of GCA RESTAURANT, INC., Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.—Order, Supreme Court, New York County (Carmen B. Ciparick, J.), entered on or about May 17, 1989, which granted petitioner's CPLR article 78 petition to the extent of remanding the matter to the State Liquor Authority (Authority) for reduction of the penalty, unanimously reversed, on the law, the petition dismissed and the determination of the Authority reinstated.

Petitioner was charged with the sale of alcoholic beverages during prohibited hours to two undercover officers on January 11, 1988, at 4:05 A.M. and 4:15 A.M. Petitioner ultimately entered a plea of "No Contest" to the charges. Accordingly, the Administrative Law Judge prepared a "No Contest Memorandum" for the consideration of the Authority. The members of the Authority suspended petitioner's license for 15 days (20 days' suspension, 5 days remitted for the "No Contest" plea) and ordered a $1,000 bond claim to be paid.

Thereafter, petitioner commenced this article 78 proceeding challenging the Authority's determination. The IAS court determined that the "penalty imposed appears to be excessive" and remanded the matter to the Authority for reduction of the penalty.

Under the circumstances, the Authority did not abuse its discretion. Clearly, the penalty imposed was not "shocking to one's sense of fairness." *(Matter of Stolz v Board of Regents,* 4 AD2d 361, 364.)* The record demonstrates that petitioner had similarly violated the Alcoholic Beverage Control Law on July 14, 1987, just six months prior to the instant violation. The 10-day license suspension for the July 1987 offense was deferred since petitioner's good record was considered. In view of the recent, prior offense, the sanction imposed represented a reasonable exercise of discretion. Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.